**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY**

| | | |
|---|---|---|
| STEPHEN COLLINS, | : | |
| | : | |
| _____Appellant, | : | C.A. No: K15A-05-001 JJC |
| | : | |
| v. | : | |
| | : | |
| UNEMPLOYMENT INSURANCE | : | |
| APPEALS  BOARD, | : | |
| | : | |
| Appellee. | : | |

*Submitted: October 1, 2015*
*Decided: October 14, 2015*

***Upon Consideration of Appellant's Appeal from the Unemployment Insurance
Appeal Board - AFFIRMED***

**ORDER**

**AND NOW TO WIT**, this 14th day of October, 2015, upon consideration of the record and the briefing by the parties,   **IT APPEARS THAT**:

1.  Before the Court is the *pro se* appeal of Appellant Stephen Collins (hereinafter "Appellant") from the decision of the Unemployment Insurance Appeals Board (hereinafter "the Board" or "the UIAB") denying Appellant's appeal as untimely.   The Court has reviewed the record in this matter and the parties' submissions and Affirms the decision of the UIAB.

2.  The evidence of record establishes that Appellant was employed by Airbase Carpet Mart from January 8, 2011 until August 24, 2013, when he became separated from employment due to a medical condition. Appellant was on an approved leave of absence until March of 2014 but was then discharged.  As a result, he sought

unemployment benefits. On February 23, 2015, a Claims Deputy with the Division of Unemployment Insurance found Appellant to be ineligible for benefits. The Claims Deputy then mailed the decision to Appellant's address and Appellant later acknowledged receipt of that notice. The decision stated at the bottom that the determination would become final and binding if not appealed by March 5, 2015, ten calendar days after the decision was issued. Appellant filed his appeal of the February 23, 2015 Claim's Deputy decision on March 9, 2015, four calendar days beyond the March 5th appeal deadline.[1]

3. On March 30, 2015, an Appeals Referee held a hearing regarding the timeliness of Appellant's appeal. Appellant's defense at the Appeal Referee Hearing was that he did not focus on the appeal deadline because he was focused on obtaining medical documentation to support his claim. He also claimed that he filed his appeal four days late because there was an intervening weekend falling between the 5th and 9th of March, 2015. The Referee accordingly determined that the appeal was untimely and dismissed Appellant's claim.

4. Appellant then appealed the Referee's decision to the UIAB on April 2, 2015. At that level, he also claimed that there were mitigating circumstances in his case which justified the late filing of his appeal. The UIAB held a review hearing on April 8, 2015, and affirmed the dismissal of Appellant's claim.

5. As with appeals from all administrative agencies, when a decision of the UIAB is appealed, this Court's scope of review is limited to "determining whether the

---

[1] Although the decision of the Appeals Referee referenced the deadline as March 6, 2015, the deadline was actually March 5, 2015 pursuant 19 *Del. C.* § 3318(b). This discrepancy as to the deadline date is immaterial because Appellant filed his appeal later than either March 5th or 6th, both of which fell before the weekend Appellant argues justified the delay.

Board's conclusions are supported by substantial evidence and free from legal error."[2] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] This Court will not weigh the evidence, determine questions of credibility, or make its own factual findings.[4] Questions of law are reviewed *de novo* "to determine whether the Board erred in formulating or applying legal concepts."[5] If there is substantial evidence and no error of law, the Board's decision will be affirmed, unless the Board committed an abuse of discretion.[6] An abuse of discretion occurs when the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[7]

6. Section 3318(b) of Title 19 of the Delaware Code provides that a Claims Deputy's determination becomes final unless a claimant for unemployment benefits has filed an appeal from the determination within ten calendar days from when the decision was "mailed to the last known addresses of the claimant and the last

---

[2] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Ct. Jan. 26, 2000) (citations omitted).

[3] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[4] *Hopkins Const., Inc. v. Unemployment Ins. App. Bd.*, 1998 WL 960713, at *2 (Del. Super. Ct. Dec. 17, 1998) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66-67 (Del. 1965)).

[5] *PAL of Wilmington v. Graham,* 2008 WL 2582986, at *4 (Del. Super. Ct. June 18, 2008) (citing *Nardi*, 2000 WL 303147, at *2).

[6] *See PAL of Wilmington,* 2008 WL 2582986, at *4 (citing *Funk v. Unemployment Ins. App. Bd.,* 591 A.2d 222, 225 (Del. 1991)); *Sikorski v. Boscov's Dept. Store,* 1995 WL 656831, at *1 (Del. Super. Ct. Sept. 22, 1995) (citations omitted).

[7] *PAL of Wilmington*, 2008 WL 2582986, at *1 (citations and internal quotations omitted).

employer. . . ."[8] Pursuant to 19 *Del. C.* § 3320, the Board has discretion to consider an untimely appeal "if the lateness of the filing can be traced back to an error of the UIAB, or in those cases where the interests of justice would not be served by inaction."[9]

7.  Here, a decision by the Division of Unemployment Insurance regarding Appellant's ineligibility to receive benefits was mailed to his proper address of record on February 23, 2015.  The Appellant confirmed  receipt of the decision when testifying at the Appeals Referee stage of the process.  Appellant's appeal was undisputedly filed on March 9, 2015 after the appeal deadline of March 5, 2015. His claim regarding interference  of an intervening weekend does not excuse a late filed appeal in this case.  Namely, the weekend he references occurred **after** the appeal deadline.

8.  The Appellant also argues that he did not read the appeals notice because his focus was primarily upon urging his doctor to submit the necessary paperwork to support his claim, and he did not read or notice the right of appeal information on the bottom of the decision.  Accordingly, there was not an error by the UIAB justifying relief.  Furthermore, under these circumstances, the UIAB did not abuse its discretion in upholding the jurisdictional deadline set by statute.

9.  The Court is cognizant of the fact that Appellant is litigating this appeal *pro se*.  In such cases, courts and administrative agencies are at liberty to reasonably interpret a *pro se* litigant's filings, pleadings and appeals "in a favorable light to

---

[8] 19 *Del. C.* § 3318(b).

[9] *Powell*, 2013 WL 3834045, at *2 (citing *Funk v. UIAB*, 591 A.2d 222, 225 (Del. 1991)).

4

alleviate the technical inaccuracies typical in many *pro se* legal arguments. . . ."[10] However, barring extraordinary circumstances, "procedural requirements are not relaxed for any type of litigant. . . ."[11] Because the timely filing of an appeal is a procedural matter, made mandatory and jurisdictional by state statute, a claimant must abide by the deadlines set.

**NOW THEREFORE**, In light of the clear evidence of record justifying the UIAB's decision, as well as the absence of any error of law, the decision of the UIAB must be **AFFIRMED.**

IT IS SO ORDERED.

/s/ Jeffrey J Clark
Judge

---

[10] *McGonigle v. George H. Burns, Inc.*, 2001 WL 1079036, at *2 (Sept. 4, 2001).

[11] *Id.*